UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK BRIGGS, et al., | ) | CASE NO. 5:12-CV-01437 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| ZIMMER, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on defendants' motion to dismiss for failure to prosecute. (Doc. No. 19.) Plaintiffs have not responded to the motion, and the time for filing a response is past.

On September 6, 2013, the Court granted plaintiffs' former counsel leave to withdraw as counsel for plaintiffs. (Doc. No. 17.) The Court instructed plaintiffs to retain new counsel or to provide the Court with contact information in order to proceed *pro se*. The Court cautioned plaintiffs that failure to comply with the order might lead to dismissal of their case for failure to prosecute. (*Id.* at 229.) On September 16, 2013, plaintiffs' former counsel filed a certification that she had transmitted the September 6 order to plaintiffs via certified mail and discussed the terms and effect of the order with plaintiffs over the telephone. (Doc. No. 18.)

Since that time, plaintiffs have taken no action to advance their case. They have not complied with the Court's September 6 order, nor have they responded to the instant motion.

"Rule 41(b) [of the Federal Rules of Civil Procedure] provides for involuntary

dismissal of a complaint where the plaintiff has failed 'to prosecute or to comply with these rules or a court order.'" *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). A harsh sanction, dismissal is only appropriate in extreme situations in which the plaintiff has shown a clear record of delay or contumacious conduct. *Id*. at 570 (quoting *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991)).

Here, plaintiffs have not complied with the Court's September 6 order or with Local Rule 7.1(d), which provides the timeframe for responding to dispositive motions. While dismissal is a harsh sanction, plaintiffs have been "inexcusably unprepared to prosecute the case" since September 2013. *Knoll*, 176 F.3d at 364. Because plaintiffs have already been warned about the potential for a dismissal with prejudice, and they have persisted in ignoring this case, dismissal is warranted.

For the reasons set forth above, defendants' motion to dismiss is GRANTED. This case is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED**.

Dated: July 31, 2014

                                                  **HONORABLE SARA LIOI**
                                                  **UNITED STATES DISTRICT JUDGE**